EXHIBIT A

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**WILLIAM BARNEY and JANICE BARNEY**,  CASE NO.:
Plaintiffs,

v.

**AMERICAN STRATEGIC INSURANCE CORPORATION**,
Defendant.
_____/

## COMPLAINT

**COME NOW**, the Plaintiffs, WILLIAM BARNEY and JANICE BARNEY ("Plaintiffs"), by and through undersigned counsel, and hereby sues the Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION ("Defendant"), and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages greater than the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, costs, and attorney's fees, and otherwise within the jurisdictional limits of this Court.

2. At all times material hereto, Plaintiffs owns property insured by Defendant, located at 3681 RUBY AVE., SAINT JAMES CITY, FLORIDA 33956 (the "Property") and is a resident of Lee County, Florida.

3. At all times material hereto, Defendant was and is an insurance corporation doing and/or transacting business in the County of this Court.

4. At all times material hereto, Defendant is a Florida corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and conducting business in Lee County, Florida.

5. Venue is proper in Lee County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Lee County, Florida. Furthermore, the Property, which is the subject matter of this lawsuit, is located in Lee County, Florida.

## **GENERAL ALLEGATIONS**

6. At all times material hereto, for valuable consideration of a premium paid by the Plaintiff, there was a valid insurance policy issued by Defendant, identified as policy number 0FLD542284 (the "Policy"). Plaintiff will obtain a copy of the Policy from Defendant through the discovery process and such policy will be filed in support of this action at that time. See *Equity Premium, Inc v Twin City Fire Ins. Co.,* 956 So. 2d 1257 (Fla. 4th DCA 2007).

7. Plaintiffs have paid all insurance premiums due and owing under the Policy at all relevant times herein.

8. By issuing the Policy, Defendant agreed to provide insurance coverage to the Property for certain property loss.

9. On or about September 28, 2022, while the Policy was in full force and effect, Hurricane Ian's intense wind and rain caused direct and physical damages to the Property, including the roof, exterior, interior, and personal property (the "Loss").

10. Defendant was given timely notice of the Loss, assigned claim number 21051, and assigned an insurance adjuster to investigate the damages.

11. Plaintiffs protected the Property from further damage, made the Property available for inspection, and fully cooperated with Defendant's investigation of the claim.

12. Defendant inspected the Property and acknowledged coverage for the Loss under the Policy.

13. Defendant failed to fully pay for Plaintiff's damages that are covered under the Policy.

14. Plaintiffs have performed all post-loss obligations and conditions precedent to the filing of this lawsuit having occurred, been met, performed, or waived by Defendant.

## BREACH OF CONTRACT

15. Plaintiffs incorporate by reference paragraphs 1 through 14 of this Complaint.

16. Under the terms of the Policy, Defendant is liable to Plaintiffs for the total amount (within the policy limits) of the Loss, less any applicable deductible.

17. The Plaintiffs sustained unpaid damages for a covered loss under Defendant's policy of insurance.

18. The Defendant refuses to honor its contractual obligations and pay for the covered loss.

19. That Plaintiffs have further had to retain the undersigned attorney and agreed to pay a reasonable fee for which the Defendant is liable under section 627.428(1), Florida Statutes (2023), which reads, in relevant part:

> "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages, costs, prejudgment interest, and attorney's fees pursuant to section 627.428(1), Florida Statutes (2023).

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury upon all issues and all counts of the Complaint triable as a matter of right.

**DATED** this July 17, 2023

Respectfully submitted,

**BUCELO LAW GROUP**
*Attorney for Plaintiff*
6303 Blue Lagoon Drive
Suite 390
Miami, FL 33126
Phone: (305) 442-1942
Email: dl@bucelolawgroup.com

By: */s/ Daniele Lentini*
Daniele Lentini, Esq.
Florida Bar No.: 1025201
